# Court of Appeals
# of the State of Georgia

ATLANTA, April 13, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0575. ALLEN v. THE STATE.**

On June 26, 2018, Timothy Allen pled guilty to family-violence battery as to an incident that took place in December 2017. After the hearing, the trial court entered an order finding that Allen had entered the plea voluntarily, knowingly, and intelligently. Almost three years later, on March 26, 2021, Allen filed a pro se motion for an out-of-time appeal asserting that the trial court had failed to advise him of his right to appeal from the entry of his plea. On May 12, 2021, Allen amended his pro se motion, alleging inter alia that plea counsel had a duty to advise him of his right to an appeal, that counsel had performed deficiently by failing to advise him of that right, and that Allen had the right to a hearing on the matter. On October 13, 2021, the trial court cancelled a scheduled hearing and entered a written order denying the motion for an out-of-time appeal on the ground that Allen had waived his right to an appeal. Allen filed a timely notice of appeal from this order.

Allen cites *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019), as support for his contention that a trial court errs when it fails to hold a hearing and to make factual findings concerning a motion for out-of-time appeal alleging ineffective assistance in providing advice about or acting upon a right of direct appeal. See id. at 364-365 (1). In the recent decision of *Cook v. State*, ___ Ga. ___ (Case No. S21A1270, decided March 15, 2022), however, our Supreme Court eliminated the out-of-time appeal procedure in trial courts, holding that there "is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5). And that holding applies "to all cases that are currently on direct review or otherwise not yet final." Id.; see also

*Rutledge v. State*, ___ Ga. ___, ___ (Case No. S21A1036, decided March 15, 2022) (applying *Cook*'s holding to the summary denial of a motion for out-of-time appeal).

Here, Allen's pro se motion for an out-of-time appeal alleged a violation of his constitutional right to effective counsel, and such a claim is now not properly addressed in such a motion. We therefore VACATE the trial court's order denying Allen's motion for out-of-time appeal and REMAND the case with direction that the trial court enter an order dismissing the case. *Rutledge*, ___ Ga. at ___ (vacating the denial of a motion for out-of-time appeal and remanding for the entry of a dismissal order).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__04/13/2022_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*